# United States Bankruptcy Court
Western District of Texas
Waco Division

| | |
|---|---|
| In re:<br>Jereka Renee Thomas-Hockaday,<br>    Debtor.<br><br>City of Austin,<br>    Plaintiff,<br><br>vs.<br><br>Jereka Renee Thomas-Hockaday,<br>    Defendant. | Bankr. Case No. 24-10723-smr<br><br>Chapter 7<br><br><br><br>Adversary No. 24-01055-smr |

**DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) AND 12(e)**

      Defendant Jereka Renee Thomas-Hockaday files this motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), or, in the alternative, an order demanding a more definite statement of the claims by Plaintiff.

1.     The Complaint should be dismissed because it fails to allege sufficient facts to support any cognizable theory of recovery Defendant. Alternatively, the Plaintiff should be ordered to provide the Defendant with a more definite statement of its claims concerning the allegations of fraud and fraudulent representation.

**Argument**

2.     Under Rule 12(b)(6), the Court has the authority to dismiss a suit for failure to state a claim if the complaint demonstrates that plaintiffs cannot prove any set of facts that would entitle them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); Fed. R. Civ. P. 12, made applicable under Fed. R. Bankr. P. 7012.

3. The alleged facts must be well-plead and be enough to raise the right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recital of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4. In alleging fraud and fraudulent conduct, a plaintiff must state with particularity circumstances constituting fraud. Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009.

### Complaint Fails to State a Claim for False Representation

5. To establish a cause of action under section 523(a)(6), a party must allege: (1) that the debtor made active false representation, (2) the debtor received money, property because of the false representation, and (3) the representation made were reasonably relied upon and a substantial factor in the creditor's decision. 11 U.S.C. § 523(a)(2); *In re Chavez*, 140 B.R. 413, 420 (Bankr. W.D. Tex. 1992). Money must actually come to the debtor because of the representation for the debtor to be liable for a nondischargeable debt. *Id. citing In re Rippey*, 21 B.R 954, 958 (Bankr. N.D. Tex. 1982).

6. Here, the City has not alleged sufficient facts showing that the Defendant is liable for the overpayments. The City has not alleged that Defendant signed any of the Agreements in her personal capacity. Generally, nonprofit directors are not liable for actions taken as a director of a nonprofit organization. Tex. Bus. Org. Code. §§ 22.221 and 21.223(a)(2).

7. The City has not alleged facts that the debt owed by CTAHI should be recoverable under theories of alter ego, veil piercing, failure to observe corporate formalities, or similar grounds to disregard the CTAHI's separate entity status.

8. Importantly, the City has not alleged that Defendant actually received any of the alleged $417,000 of overpaid funds. *Chavez*, at 420.

9. Instead, the City relies on threadbare and conclusory statements that documents submitted to the City contained falsified expenses. The City does not allege the who, what, when, where, and how related to the creation of these so called falsified expenses. The City does not allege that the reimbursement requests in paragraph 14 totaling $96,170 were in any way connected with the direct actions of Defendant or anyone else at CTAHI. Likewise, the City fails to connect the $417,000 audit overpayment to specific acts by Defendant.

10. The City only makes a single allegation that only implies the possibility of intentional wrongdoing by Defendant in paragraph 18: "Document properties for one ledger containing falsified expenses indicated that [Defendant] created it." But importantly exactly how or why the expenses are "false" is not stated, it's merely concluded to be. These allegations are not stated within enough particularity for Defendant to frame a response and defense.

11. For these reasons, the claims asserted for false representation under common law and 11 U.S.C. § 523(a)(2)(A) should be dismissed.

## Motion for More Definite Statement

12. In the alternative to dismissal, the Court should require that Plaintiff amend its Complaint with a more definite statement of the suit. The Complaint is so vague as to the allegations of Defendant's fraudulent conduct that she is unable to frame a responsive pleading. Fed. R. Civ. P. 12(e); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). Specifically, the complaint does not allege facts tied to the necessary elements for their claim of relief. Moreover, the facts are not plead with particularity as to the fraudulent conduct claims.

**FOR THESE REASONS** the Court should grant the motion and dismiss the claims against the Defendant or, in the alternative, order the Plaintiff to replead its Complaint under Rule 12(e); and award the Defendant all other relief the Court deems appropriate.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

    I certify that I have this November 1, 2024, served a true and correct copy of the above notice via ECF upon all parties receiving notice through the ECF system.

Jason Bradley Binford
Ross, Smith & Binford, PC
2901 Via Fortuna Bldg. 6, Suite 450
Austin, TX 78746

                                  */s/ Clayton L. Everett*